LIVERPOOL & LONDON & GLOBE INS. CO., LIMITED, *v.* FUS-TON.

(Division A. Nov. 22, 1937.)

[176 So. 913. No. 32892.]

**Watkins & Eager,** of Jackson, for appellant.

**F. E. Leach,** of Carthage, for appellee.

Argued orally by **W. H. Watkins, Jr.,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

This is an action by the appellee on an insurance policy issued by the appellant on a building. One of the provisions of the policy is: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if . . . the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. . . ." At the close of the evidence, the appellant requested, but was refused, an instruction directing a verdict in its favor.

The building was situated on leased property; but, according to the evidence for the appellee, the appellant's agent, who received the application for the policy and delivered it when issued, was advised by the appellee of that fact when the policy was applied for. Consequently, the appellant abandons that feature of its defense, but says, in effect, that the evidence not only does not disclose that the appellee was the unconditional and sole owner of the building, but fails to disclose that he had any ownership whatever thereof.

What the evidence discloses is that the building is on land owned by L. O. Church and leased by him to the appellee. The lease provides, among other things, that the "party of the second part (the appellee) shall have the right to remove any and all pumps, tanks and/or other fixtures which may be placed on said described property by him or his assigns or successors in title."

The building insured was on the land when this lease was executed, and therefore, prima facie, was then the property of the lessor. In 1935 the land was leased by Church to Alford. It does not appear whether this lease was in writing or not, and no evidence of its provisions was introduced. Alford constructed the building in 1935 for use by him as a part of an automobile filling station. He sold it to Laird by a writing not introduced in evidence, and the terms thereof do not appear. The appellee bought the building from Laird and leased the land from Church, the owner thereof.

A building constructed by a tenant on the leased land becomes a part of the realty and the property of the landlord, unless, under circumstances not here necessary to set forth, it is removed from the land before the expiration of the tenancy, or the lease under which the land is held otherwise provides. This building was not removed from the land by either Alford or Laird; and as the lease under which they held the land is not before us, we are without evidence on which to say that Alford had the right to sell the building to Laird, or that Laird had the right to sell it to the appellee. We have left out of view that the sale of the building to the appellee was not evidenced by a writing and express no opinion thereon. The appellee having failed to disclose any title whatever to the building, the appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.